UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

VANESSA COATS,  ) CV 01-8271-SH
 )
              Plaintiff, ) MEMORANDUM DECISION
 )
    v. )
 )
MICHAEL ASTRUE, Commissioner, )
Social Security Administration, )
 )
             Defendant. )
_____)

      This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the court to enter judgment upon the pleadings and transcript of record before the Commissioner. Plaintiff and defendant have filed their pleadings (Plaintiff's Letter

Brief ["Plaintiff's Brief"]; Defendant's Brief with Points and Authorities in Opposition to Plaintiff's Request for Remand or Reversal ["Defendant's Brief"], and defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On September 24, 1996, plaintiff's first application for supplemental security income, alleging disability since January 11, 1995, was denied for failure to appear at the administrative hearing. (Administrative Record ["AR"] 93-98). On March 4, 1997, plaintiff' s second SSI application resulted in an unfavorable decision (Administrative Record ["AR"] 103-09). On December 29, 1998, plaintiff filed a third SSI application alleging disability due to degenerative back disorder, osetoarthiritis of the back, hypertension, superventricular tachycardia, severe leg pain, and deep venous thrombosis. (AR 113-121). On January 25, 2001, this application resulted in an unfavorable decision. Id. Plaintiff appealed and the case was remanded because the court docket could not be located. (AR 125-134). On January 13, 2004, a new hearing was held and resulted in an unfavorable decision. Id. Plaintiff's request for review was granted and the case was remanded to the Administrative Law Judge ("ALJ") for a new hearing. (AR 249-253). The hearing was held and resulted in an unfavorable decision on September 22, 2006. (AR 142-153). The Appeals Council again granted plaintiff's request for a new hearing and remanded the matter for further review of plaintiff's subjective complaints, medical expert testimony and past relevant work. (AR 259-263). An unfavorable decision was issued on November 26, 2007. (AR 156-160).

In January 2008, plaintiff's counsel requested a copy of the tape and exhibits from the October 2007 hearing (AR 273-274). On April 27, 2009, the Appeals Council informed plaintiff's counsel that it intended to remand the matter for a new hearing because the record of the proceeding was blank. (AR 264-269). In November 2009, the Appeals Council rescinded its remand order because the hearing tape was located. (AR 19-20). The November 16, 2007 decision then

became the final decision of the Commissioner. Id. Following the Appeals Council's decision that there was no basis for remand or reversal (AR 11-13), plaintiff filed an action in this court.

Plaintiff, who appears pro se, contends she is disabled due to degenerative disc disease and osteoarthritis. Plaintiff also contends that the ALJ improperly rejected the opinion of the treating physician. [1] Defendant asserts that the ALJ's decision was free of material legal error and supported by substantial evidence. For the reasons discussed below, the Court concludes that the decision of the Commissioner should be affirmed.

After consideration of the entire record, the ALJ found that plaintiff had the RFC to perform light work as defined in 20 CFR 416.967(b). (AR 163). To determine the extent to which plaintiff's limitations erode the occupational base, the ALJ asked the VE whether jobs exist in the national economy for an individual with plaintiff's vocational profile of a younger age, high school education, and no past relevant work. (AR 166). The VE testified that such an individual would be able to hold the following jobs at light and sedentary exertional levels: small parts assembler, 18,000 jobs available locally and 480,000 nationally; a cashier, 44,000 jobs available locally and 1,000,000 jobs nationally; a table worker, 5,800 jobs available locally and 148,000 jobs nationally; and an order clerk 11,000 jobs locally and 350,000 jobs nationally. (AR 166).

The ALJ concluded that plaintiff's impairments could be reasonably expected to cause the alleged symptoms but that the intensity, persistence and limiting effect of these symptoms were not credible to the extent which they foreclosed basic light

---

[1] Plaintiff requests that the Court consider new medical evidence she has submitted along with her reply brief. However, the Court is restricted to reviewing evidence that is contained within the Administrative Record. Plaintiff may however choose to file a new SSI application.

work activity. Id. The ALJ gave significant weight to the opinions and testimony of Dr. Gurvey, an impartial medical expert who had reviewed the entire record and listened to plaintiff's testimony. (AR 162). Dr. Gurvey was of the opinion that plaintiff's impairments did not support her subjective allegations of disabling pain. (AR 528-662)

Plaintiff received treatment for her allegedly disabling back pain from a family practitioner, Dr. Wu. (AR 528-533). In November of 2005, Dr. Wu took an MRI of plaintiff's lumbar spine to rule out disc herniation and stenosis. Id. The MRI showed only bulging discs and not herniated discs; however, Dr. Wu persisted in his disproven belief that the claimant had herniated discs. Id.

Dr. Wu subsequently referred plaintiff to Dr. El- Koury, a pain specialist, for treatment. Id. Dr. El Koury opined that plaintiff was neurologically intact and her allegations of pain were in a non-radicular distribution. (AR 533-610). Plaintff was referred to physical therapy but failed to attend. (AR 577). An MRI dated February 9, 2007, also showed that plaintiff had no herniated discs or stenosis. Id.

On January 10, 2007, plaintiff was examined by Dr. Adams. (AR 658). Dr. Adams, wrote a brief note on a prescription pad stating plaintiff had been permanently disabled by disc disease since 1998. Id. The ALJ gave no weight to his opinion because it was not supported by treatment notes or radiographic studies. (AR 163). The ALJ also concluded that Dr. Adams' opinion was only speculative because he did not treat the patient in 1998. Id.

Finally, Dr. Yu, a board certified orthopedic surgeon, performed a consultative examination at the request of the State Agency on July 21, 2007. (AR 663-674). Plaintiff told Dr. Yu she took Vicodin and Roboxin but did not receive any active treatment. Id. Plaintiff also denied smoking, but had told another physician she did smoke. Id. Plaintiff also alleged numbness in patchy distribution, but had no objective numbness to light touch or pinprick; she also lacked any focal neurological deficits or abnormal reflexes. Id.

4

Dr. Yu noted that the February 2007 MRI showed only slightly bulging discs with no critical narrowing, and diagnosed plaintiff with myofascial pain with underlying degenerative changes. Id. Dr. Yu found that plaintiff had an essentially sedentary RFC. (AR 165). However, the ALJ gave greater weight to the opinion of Dr. Gurvey because he had the opportunity to view the entire record. Id.

As for credibility, the ALJ determined that plaintiff's allegations of disability were less than fully credible, and could not be relied upon to find plaintiff had greater limitations than those shown by the objective medical evidence of record. (AR 164). The medical evidence showed that plaintiff had no impingement or stenosis and maintained normal sensation and reflexes. Id. Furthermore, Dr. El-Koury, the treating physician, refused to complete disability forms for her. Id. Although plaintiff testified that she remains sedentary throughout the day, the ALJ found her statements were not credible because she lacked the disuse atrophy that would be consistent with such limited activity. Id. Despite alleging she cannot "go anywhere," plaintiff maintained she leaves her home using public transportation. Id. Moreover, the pain management doctor found that after epidural injections, plaintiff would be able to perform normal activities at her home. Id. Finally, while plaintiff alleges complete disability, she receives very conservative care—testifying she only sees her pain management physician once every three to four months for epidural injections. (AR 165).

To determine whether plaintiff's testimony regarding the severity of her symptoms is credible, the ALJ may consider, among other things, the following types of evidence (if any exists): (1) plaintiff's reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that appears to be less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the plaintiff's daily activities. Smolen, 80 F.3d at 1284. An ALJ may also consider the conservative nature of treatment in evaluating plaintiff's subjective complaints. See Johnson v.

Shalala, 60 F. 3d 1428, 1434 (9th Cir. 1995). However, the ALJ may not discredit a plaintiff's testimony of pain and deny disability benefits solely because the degree of pain alleged is not supported by objective medical evidence. Bunnel, 947 F.2d at 346-47.

In considering objective medical evidence, an ALJ considers three types of medical opinions: those from treating physicians, examining physicians, and non-examining physicians. Valentine v. Comm'r of Soc. Sec., 574 F.3d 685,692 (9th Cir. 2009). A plaintiff's treating physician's opinion is entitled to special weight because the treating physician is hired to cure and has a better opportunity to know and observe the plaintiff as an individual. Connett v. Barnhart, 340 F.3d 871,874 (9th Cir. 2003). Even if the treating physician's opinion is contradicted by another doctor, the ALJ may only reject this opinion when she provides specific, legitimate reasons, supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821,830-31 (9th Cir. 1995); see also Orn v. Astrue 495 F.3d 625,632 (9th Cir. 2007).

However, treating physicians' opinions will not be accorded more weight if they are conclusory or not supported by medical evidence. Batson v. Comm'r of Soc. Sec., 359 F. 3d 1190,1195 (9th Cir. 2004); see Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2011) (ALJ permissibly rejected treating physician's opinion when opinion was inconsistent with treatment reports); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected doctor's opinion because it was a check-off report that did not contain any explanation for its conclusion). Moreover, the ALJ may disregard the treating physician's opinion if it relied heavily on the patient's descriptions of her symptoms and the patient's statements have been deemed unreliable. See Andrews v. Shalala, F.3d 1035, 1053 (9th Cir 1995).

The second level of medical opinion is that of the consultative medical examiner. The opinions of the consultative medical examiner, if supported by clinical tests and observations upon examination, are substantial evidence and may be relied upon by the ALJ in order to determine plaintiff's RFC. Id. at 1043. Where

the opinion of plaintiff's treating physician is contradicted, and the opinion of a non-treating source is based on independent clinical findings that differ from those of the treating physician, "it is the sole province of the ALJ to resolve the conflict". Id. Therefore, the examining physician's opinion may constitute substantial evidence when it rests on his own independent examination of the patient. See Tonapetan v. Halter, 242 F.3d 1144, 1149 (9th Cir 2001).

Finally, the third level of medical opinion is provided by the non-examining physician. Non-examining physicians' opinions "with nothing more" cannot constitute substantial evidence; however, the non-examining advisor's report "may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it." Andrews, F.3d at 1041.

Here, the ALJ properly considered the objective medical evidence of record. Because Dr. Adams' finding of disability was not supported by any of his treatment notes or objective medical evidence, the ALJ was not required to afford his opinion any special weight. See Rollins 261 F.3d at 856. Furthermore, Dr. Adams' opinion was merely speculative because he was not treating plaintiff during the year her alleged disability began. See Johnson v. Shalala, 60 F. 3d 1428,1433 (9th Cir. 1995) (a retrospective medical diagnosis that is not supported by objective medical signs and findings during the relevant period does not serve as substantial evidence). Moreover, Adams' opinion may also be rejected on the grounds that his assessment seemed to rely heavily on plaintiff's descriptions of her own pain--statements that the ALJ had deemed to lack credibility. See Brawner v. Secretary of HHS, 839 F.2d 432, 433-34 (9th Cir. 1987) (medical opinion based on claimaint's complaints was properly rejected because plaintiff's pain testimony was discredited). Finally, the ALJ was correct in affording Dr. Gurvey's RFC opinion weight because it was supported by other evidence in the record and consistent with it. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (a non-treating, medical expert's testimony may constitute substantial evidence when supported by other evidence in

the record and consistent with it).

Furthermore, the ALJ properly discredited plaintiff's testimony regarding her allegations of disability because plaintiff failed to follow her prescribed treatment and made inconsistent statements regarding her symptoms and limitations. During the years of her alleged disability, plaintiff received very conservative treatment and was offered medical care, such as epidural injections, which offered her some relief. (AR 164-65, 561-62, 572-73, 581-82, 586). Despite being recommended physical therapy by her doctor, plaintiff failed to attend. (AR 162, 57); See Meanal v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (an ALJ may consider plaintiff's failure to follow prescribed treatment as a factor in assessing plaintiff's credibility). Furthermore, plaintiff's treating doctors refused to fill out disability forms and plaintiff showed none of the classic signs associated with disability. (AR 164, 165, 303-05, 393-94, 479, 505, 531, 535, 549, 554, 556, 559, 568, 578, 584, 590, 594-95, 632, 665); See Meanel, 172 F.3d at 1115 (likely consequence of debilitating pain is inactivity and likely consequence of inactivity is muscular atrophy).

The ALJ correctly noted further inconsistencies as plaintiff claimed she could not leave her home, but also claimed to use public transportation; plaintiff also denied smoking, but had told another physician she did smoke. (AR 748-49); (AR 663-674); see Tommasetti v. Astrue 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may consider claimant's daily activities in weighing credibility). Consequently, the ALJ had "clear and convincing reasons" to conclude plaintiff's subjective allegations of disability lacked credibility. Valentine, 574 F. 3d at 693. Because the ALJ properly considered the medical evidence and was correct in finding plaintiff's allegations lacked credibility, the ALJ had substantial evidence to conclude plaintiff was capable of performing light work and was therefore not disabled.

CONCLUSION

For the foregoing reasons, the decision of the Commissioner is affirmed and

8

the plaintiff's Complaint is dismissed.

DATED: June 15, 2011

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE